JUSTICE RICE,
concurring.
¶72 I concur in the Court’s opinion.
¶73 The Court holds that Bayview committed numerous “clear violations of the FDCPA,” Opinion, ¶ 44, and analyzes those violations extensively under Issue 1. I think it bears repeating that, for procedural reasons, we have not undertaken consideration of Bayview’s argument that the FDCPA does not apply, as a matter of law, to foreclosure of secured interests. Thus, the Court’s holdings on that issue rest on the assumption that the Act applies, which is how we have determined the matter was litigated before the District Court. If properly raised and preserved, this would be a threshold issue about which, as the parties note, there has been spirited debate in the federal courts. See Gray v. Four Oak Court Ass’n, Inc., 580 F. Supp. 2d 883, 887 (D. Minn. 2008) (FDCPA’s “definition of ‘debt collector’ clearly reflects Congress’s intent to distinguish between ‘the collection of any debts’ and ‘the enforcement of security interests.’ ”) (citation omitted); Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339, 363 (D. Conn. 2012) (“a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA” and collecting cases); cf. Kaymark v. Bank of Am., N.A., 783 F.3d 168, 179 (3d Cir. 2015) (“Nowhere does the FDCPA exclude foreclosure actions from its reach. On the contrary, foreclosure meets the broad definition of‘debt collection’ under the FDCPA ....”) (citation omitted). Consequently, resolution of this threshold issue is left for another day.